[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13334
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00394-VMC-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY GEENEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 27, 2012)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty to violating 18 U.S.C. § 2252(a)(1) and (b)(1) by knowingly transporting and shipping child pornography in interstate commerce, Timothy Geenen appeals his 324-month sentence, imposed at the low end of the Guidelines range. After review, we affirm.

## I. BACKGROUND

In September 2008, a police detective contacted Defendant Geenen in the course of investigating a child murder that occurred near Geenen's residence in Florida. Law enforcement agents interviewed Geenen at his residence, and he denied any knowledge of the murder. However, one of the agents told Geenen that he believed Geenen was in possession of child pornography, and the agent requested that Geenen turn over any contraband. Geenen voluntarily produced and consented to a search of one of his external hard drives. The agent noticed seven other removable hard drives, and Geenen surrendered those as well.

Geenen then voluntarily went to the police station to answer questions. During this interview, Geenen estimated that his hard drives contained 100 still pictures and as many as 10 videos containing child pornography. Additionally, he admitted to a past sexual relationship with an emancipated 16-year-old girl in Florida. Geenen denied having any further inappropriate contact with minors and

2

told agents that he used the child pornography only when he had a bad day at work, or a stressful day, and needed a "kick."  A search of the hard drives revealed that Geenen had 27 pornographic still images and 20 child pornographic movies, some of which were longer than five minutes.

Geenen pled guilty to violating 18 U.S.C. § 2252(a)(1) and (b)(1) by knowingly transporting and shipping in interstate commerce visual depictions of a minor engaging in sexually explicit conduct.  The plea agreement includes a sentence appeal waiver, which provides:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and <u>expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines</u>, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution . . . .

Plea Agreement at 13 (emphasis added).  The plea agreement also stated that Geenen's offense was punishable by a statutory minimum sentence of 15 years and a maximum of 40 years' imprisonment.

The presentence investigation report ("PSI") calculated Geenen's total offense level to be 39 and his criminal history category as III.  Given these

3

calculations, the Guidelines range was 324 to 405 months' imprisonment. At sentencing, Geenen objected to several paragraphs of the PSI, but the district court overruled the objections and adopted the PSI's factual statements and Guidelines calculations. After hearing Geenen's mitigation arguments, the district court imposed a bottom-of-the-Guidelines-range sentence of 324 months' imprisonment. After the imposition of sentence, Geenen objected, inter alia, that his sentence was cruel and unusual in violation of the Eighth Amendment.

## II. SENTENCE APPEAL WAIVER

Geenen first argues that the district court erroneously increased his offense level under U.S.S.G. § 2G2.2(b)(5). However, Geenen knowingly and voluntarily waived his right to appeal any defect in his sentence pertaining to the district court's determination of the applicable Guidelines range.[1] Accordingly, to the extent Geenen challenges his sentence on this ground, we dismiss the appeal in accord with his waiver.

## III. EIGHTH AMENDMENT CLAIM

Noting the Eighth-Amendment exception in his appeal waiver, Geenen argues that his 324-month sentence constitutes cruel and unusual punishment in

---

[1]We review de novo the validity of a sentence appeal waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver is enforced if it was made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993).

violation of the Eighth Amendment.[2]  He asserts that his sentence was both greater than necessary to achieve the objectives arrayed at 18 U.S.C. § 3553(a) and disproportionate to the seriousness of his offense because he merely viewed and forwarded (as opposed to manufactured) images.  Geenen further asserts that it is cruel and unusual to punish him for conduct he is unable to control due to an addiction.

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  The Eighth Amendment "contains a narrow proportionality principle that applies to noncapital sentences." United States v. Johnson, 451 F.3d 1239, 1242 (11th Cir. 2006).  Nevertheless, "[o]utside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (quoting Solem v. Helm, 463 U.S. 277, 289, 103 S. Ct. 3001 (1983)); see also United States v. Farley, 607 F.3d 1294, 1336-45 (11th Cir. 2010) (holding that a thirty-year statutory minimum sentence for aggravated sexual

---

[2]We review de novo the legality of a sentence under the Eighth Amendment.  United States v. Moriarty, 429 F.3d 1012, 1023 (11th Cir. 2005).

5

abuse of a minor in violation of 18 U.S.C. § 2241(c) did not violate the Eighth Amendment).

Here, the district court sentenced Geenen at the bottom of the Guidelines range—thirteen years less than the forty-year statutory maximum. Further, outside of a special category of juvenile offenders, this Court has "never found a term of imprisonment to violate the Eighth Amendment . . . ." Farley, 607 F.3d at 1343. Because the district court sentenced Geenen within the statutory limits, "he has not made a threshold showing of disproportionality with respect to his sentence." Johnson, 451 F.3d at 1243. Accordingly, we affirm Geenen's sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**[3]

---

[3]To the extent Geenen argues that he received ineffective assistance of counsel, we decline to review his claims because the record on direct appeal is not sufficiently developed for us to review those claims. See United States v. Le, 256 F.3d 1229, 1241 (11th Cir. 2001); see also Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003) ("[I]n most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").